**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

TERESA M. MULLENS,

    Plaintiff,

v.                                                    Case No. 06-C-0395

JO ANNE B. BARNHART, Commissioner
of the Social Security Administration,

    Defendant.

## DECISION AND ORDER RE: PLAINTIFF'S MOTION FOR AWARD OF ATTORNEY'S FEES

The plaintiff filed this action on April 3, 2006, seeking judicial review pursuant to 42 U.S.C. § 405(g) of the final decision of the Commissioner of the Social Security Administration (Commissioner) denying her application for disability insurance benefits. Subsequently, the parties jointly requested the court to remand this case for further proceedings, pursuant to sentence four of 42 U.S.C. § 405(g), and to enter judgment in favor of the plaintiff. By order of August 23, 2006, the court granted the parties' joint motion to remand the case to the Commissioner for further proceedings.

On September 22, 2006, the plaintiff filed an application for attorney's fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. The plaintiff seeks an award of attorneys' fees in the total amount of $10,310.38. This amount includes 10.9 attorney hours at $158.75 per hour and 85.80 hours of paralegal and law clerk time at $100.00 per hour. The Commissioner opposes the amount of attorneys' fees requested.

### Fees Under EAJA

In addressing the plaintiff's motion, this court must determine whether the prerequisites to such an award have been met. Section 2412(d)(1)(B) of the EAJA sets forth pleading

requirements: 1) the applicant must demonstrate that she is a "prevailing party"; 2) the applicant must demonstrate that she is eligible for an award; 3) the applicant must provide an itemized statement from an attorney or expert stating the actual time expended and the rate charged; and 4) the applicant must allege that the government's position was not substantially justified. The burden is on the applicant to establish her eligibility for fees under the EAJA. See Estate of Woll by Woll v. United States, 44 F.3d 464, 470 (7th Cir. 1994). The plaintiff meets the threshold requirements of having a net worth not in excess of $2,000,000.00 and of being a "prevailing party."

The next question is whether the application is timely. An applicant for attorney's fees under the EAJA must file an application within thirty days of the final judgment in the civil action. 28 U.S.C. § 2412(d)(1)(B). An EAJA application may be filed until thirty days after a judgment becomes "not appealable." 28 U.S.C. §§ 2412(d)(1)(B) & (d)(2)(G). Final judgment was entered on August 23, 2006. The plaintiff's application for EAJA fees was filed on September 22, 2006, and, thus, was timely under § 2412(d)(1). See Fed. R. App. P. 4(a)(1); Shalala v. Schaefer, 509 U.S. 292, 302 (1993).

The plaintiff also has filed an itemized statement of the actual time expended and the rate charged. The Commissioner does not deny that the plaintiff's position was substantially justified. Thus, the sole issue is whether the requested attorney's fees are reasonable.

The plaintiff has the burden of proving that the fees requested are reasonable. See Hensley v. Eckerhart, 461 U.S. 424, 437 (1983). Although Hensley dealt with attorney's fees under 42 U.S.C. § 1988, the standards which it sets out are applicable generally to attorney's fee cases. Ruckelshaus v. Sierra Club, 463 U.S. 680, 691-92 (1983); Hensley, 461 U.S. at 433 n.7.

The plaintiff seeks attorney's fees utilizing the "all items" consumer price index (CPI-AI). Using the CPI-AI, counsel's calculation of the maximum hourly rate awardable under the EAJA

adjusted for inflation is $158.75 per hour for work performed in 2006. (Plaintiff's Application for Attorney's Fees Under the Equal Access to Justice Act [Plaintiff's Application], Exh. B).

In Wonders v. Shalala, 822 F.Supp. 1345, 1346-48 (E.D. Wis. 1993), United States District Judge Robert W. Warren engaged in an extensive analysis of a motion for an award of attorney's fees under the EAJA and concluded it was appropriate to apply the "all items" consumer price index (CPI-AI) for the particular year in which the services were rendered. See also, Hanrahan v. Shalala, 831 F. Supp. 1440, 1451 (E.D. Wis. 1993). This court agrees with his reasoning and, therefore, will also utilize the CPI-AI.

The Commissioner opposes the fee application. The Commissioner asserts that the issues presented by the plaintiff in support of her motion for summary judgment were not novel or complex. She states that the plaintiff has failed to explain why the case required almost 100 hours of work and the efforts of three attorneys and two law clerks. The Commissioner maintains that these efforts were duplicative and unnecessary, especially considering the plaintiff's counsels' level of experience. The Commissioner challenges the more than 80 hours of law clerk time spent drafting the brief in this case and the allegedly excessive duplication of hours which she asserts are not properly billed to the government.

The Commissioner points out seeming inconsistences in the time records which indicate attorney time spent meeting with the law clerks while the law clerks' records do not report such meetings. She also objects to law clerk time spent in administrative tasks such as copying, formatting the brief, preparing for e-filing and e-filing the brief. The Commissioner makes an overall objection to the $100.00 hourly rate for the two law clerks, asserting that such amount is excessive.

In response, the plaintiff asserts that all the billed hours are reasonable, noting that the plaintiff's briefs addressed four arguments each consisting of several issues. Attorney Frederick Daley points out that he did not represent the plaintiff at the administrative level and,

therefore, he had to spend time reviewing the 471 page record and becoming familiar with the case and the evidence. The plaintiff further asserts that law clerk hours are not equivalent to attorney hours and, thus, it is not unreasonable to bill for more law clerk hours. She maintains that the efficient use of a skilled law clerk saves the government money in the long run.

The plaintiff asserts, without explanation, that the work of the three attorneys was not duplicative. She further states that there are no inconsistencies in the time records because counsel only included his time, not the law clerk time, when he met with the law clerks. The plaintiff also asserts that the law clerk time is not clerical and the hourly rate is reasonable.

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley, 461 U. S. at 433. Lawyers claiming fees from the government must exercise "billing judgment." Id. at 434. "Hours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority." Id. (quoting Copeland v. Marshall, 641 F.2d 880, 891 [D.C. Cir. 1980] [en banc]).

"The amount of fee awards is left to the discretion of the district court because of its 'superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters.'" Hutchison v. Amateur Electronic Supply, Inc., 42 F.3d 1037, 1048 (7th Cir. 1994) (quoting Hensley 461 U.S. at 437). However, the court may not arbitrarily reduce the number of hours requested, but if a reduction is made, the court "should provide a 'concise but clear explanation.'" Hutchison, 42 F.3d at 1048 (quoting Smith v. Great American Restaurants, Inc., 969 F.2d 430, 439 [7th Cir. 1992]).

The court has carefully considered the parties' positions and notes that plaintiff's counsel did not represent the plaintiff at the administrative level. Therefore, counsel needed to review the administrative record with Thomas Bush, the attorney who represented the plaintiff at the

administrative hearing. Therefore, the court finds the time spent by plaintiff's counsel and Attorney Bush to be reasonable.

However, the plaintiff has provided no explanation as to why a third attorney had to read the administrative law judge's decision and discuss the case with Sara Bastani, the law clerk, especially since Attorney Daley had had a lengthy discussion with Ms. Bastani the prior week and also had discussed her progress on the case the day before her discussion with Attorney Borowski. Absent any explanation for what appears to be a duplication of effort, the time spent by Attorney Borowski was not reasonably expended and, therefore, not compensable.

With respect to law clerk hours, Ms. Bastani spent about 4.25 hours making copies and working on formatting. These are clerical tasks which are not properly billed. See Hensley, 461 U.S. at 434. Furthermore, the plaintiff has proved no information as to why it was necessary for a second law clerk, Suzanne Blaz, to review the plaintiff's brief, make comments and suggestions and discuss the revisions with Ms. Bastani. This work appears to be duplicative. Therefore, the 2.25 hours spent by Ms. Blaz, including the time spend formatting and e-filing the brief are not compensable.

Ms. Bastani expended a total of 83.55 hours working on the plaintiff's case. Excluding the time spent on clerical tasks, she spent about 79.30 hours researching, writing, discussing and reviewing the issues in this case. The use of law clerks can be cost efficient, but only if the non-attorney hours do not involve a significantly greater number of hours billed. Reviewing the fee records, the court notes that the law clerk spent an inordinate number of hours researching, drafting and revising the plaintiff's brief. For example, Ms. Basani reportedly spent .50 hours drafting the "conclusion/statement of relief." (Plaintiff's Application, Exh. C at 2). This seems excessive since the conclusion and statement of relief consists of only two sentences. An additional 14 hours was spent revising the brief, even though Ms. Bastani previously had spent time revising and reworking various parts of the brief. The plaintiff's brief itself is 25

pages in length, including 17 pages of argument. Because of the remand, no reply brief was filed.

Under the circumstances and upon due consideration, the court cannot conclude that the 79.30 hours which the law clerk spent researching, writing and reviewing the plaintiff's brief was reasonable. Therefore, the plaintiff's request for fees based on the work of Ms. Basanti will be reduced to 74.30 hours. The court finds that the rate of $100.00 per hour for this work performed by Ms. Basanti is reasonable.

In sum, the amount of attorneys' fee to be awarded in this case based on the work of Attorneys Daley and Bush is $1,129.95 for the 9.65 hours they reasonably expended in this case. In addition, the plaintiff is entitled to additional attorneys' fees of $7,430.00 computed at the rate of $100.00 for the 74.30 hours of work reasonably expended by the law clerk, Ms. Basanti. Accordingly, the total amount of attorneys' fees to be awarded is $8,559.95.

## **ORDER**

**NOW THEREFORE, IT IS ORDERED** that the plaintiff's Application for Attorney's Fees under the Equal Access to Justice Act be and hereby is **granted** as stated herein. The plaintiff is **awarded** attorney's fees and costs in the amount of $8,559.95.

Dated at Milwaukee, Wisconsin, this 21st day of November, 2006.

BY THE COURT:

s/Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge